IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TODD SPAULDING | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:05CV221 |
| | § | |
| UNITED STATES OF AMERICA | § | DEFENDANT |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON ISSUES
TRIED WITHOUT A JURY PURSUANT TO FED. R. CIV. P. 52**

THIS CAUSE came before the Court on October 3, 2006 for trial without a jury pursuant to FED. R. CIV. P. 52. This civil action was filed pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b). After careful consideration of the testimony presented at trial and the exhibits introduced into evidence, the Court finds that the Defendant was negligent in causing Plaintiff's damages, and Plaintiff is entitled to compensation for his pain and suffering.

FINDINGS OF FACT

This is a personal injury action against the United States of America for the injuries sustained by Plaintiff Todd Spaulding in a motor vehicle accident that occurred on April 8, 2003. Spaulding and three passengers were driving in an easterly direction on Highway 26 in Stone County, Mississippi when Spaulding noticed dogs near the highway on his left. He slowed down to avoid hitting them as they crossed the highway in front of him. Spaulding's vehicle was then struck from the rear by a car operated by a postal carrier for the United States Postal Service. It had been raining that day, making the highway wet at the time of the accident. The photos of Spaulding's car show that the impact caused damage to one taillight and minor buckling of the rear-right side of the car.

Spaulding went about his business that day. He did not seek medical treatment until eight days later, on April 16, 2003, when he went to the Stone County Hospital complaining about pain in his neck and low back. Dr. Deepinder Burn ordered spinal X-rays of Spaulding's low back, which

were negative for any abnormality.  Dr. Burn gave Spaulding a prescription for Tordol and discharged him.

A short time later, Spaulding, a reservist in the United States Air Force, reported for active duty.  He denied any medical problems or concerns about his health and described his health as generally "good" as part of a pre-deployment health assessment conducted by the Air Force in advance of his deployment to Guam .  When Spaulding returned from Guam in mid-June 2003 and was deactivated, he underwent a similar health assessment.  He again denied any medical problems or concerns about his health.  While in Guam, Spaulding did not report any problems with, or seek any medical care or treatment for, either neck or back pain.  Nevertheless, he did feel pain in his back during this time.

Spaulding went to see Dr. Burns again on November 6, 2003, complaining about pain in his lower back.  Dr. Burns had an MRI conducted and referred Spaulding to Orthopedist Dr. Charles Winters to have the MRI read.  Spaulding did not meet with Dr. Winters until almost one year later, on October 8, 2004.  Dr. Winters took a brief medical history from Spaulding, examined him, and reviewed his MRI.  Dr. Winters found that the MRI showed a herniation of disc L4-5 in Spaulding's spine, which Dr. Winters concluded was the cause of Spaulding's lower back pain.  Dr. Winters prescribed an anti-inflammatory medication and recommended that Spaulding restrict his bending and lifting.  Spaulding declined to take the anti-inflammatory medication, preferring awareness of the pain to masking it with medication.

Almost eight months passed before Spaulding's next trip to the doctor.  On May 25, 2005, Spaulding saw Dr. Winters for a second time complaining of low back pain that came and went.  He told Dr. Winters that he was generally feeling fair and that his activity related pain was mild to moderate.  Spaulding was interested in finding out what activities he could do to improve the

condition of his back. Dr. Winters discussed an exercise program with Spaulding, recommended against lifting or jogging; approved bike riding, walking and weightlifting with back protection, and prescribed Celebrex for pain relief. Spaulding has not seen Dr. Winters or any other health care professional since May 25, 2005. Although Spaulding continues his work as a heavy diesel mechanic, his back pain has caused some changes in his home life and activities. Where he was pain-free before the accident, his back pain now causes sleep disturbances and emotional difficulties.

In Dr. Winter's opinion, Spaulding's motor vehicle accident in April 2003 caused or contributed to cause a permanent problem in Spaulding's back. He further opined that he does not know when the herniation at L4-5 occurred. He noted that Spaulding had degenerative changes in his spinal column, which more than likely pre-existed on the date of the motor vehicle accident. He summed up his diagnosis of Spaulding's condition as "degenerative changes which were aggravated by his motor vehicle accident based on the history that I was given." Dr. Winters opined that Spaulding's condition will get worse over time, eventually requiring surgery. However, Dr. Winters did not testify that future surgery was a reasonable medical probability and failed to state that the estimated cost of future surgery was reasonable.

## CONCLUSIONS OF LAW

Spaulding sues the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. In actions brought against the United States under the FTCA the law to be applied by the Court is the law of the place where the alleged negligence occurred. *Richards v. United States*, 369 U.S. 1 (1962). Consequently, in this case Mississippi substantive law applies because the alleged negligence occurred in Mississippi.

Spaulding relies on a negligence theory to recover. Under Mississippi law, to recover in a negligence action, a plaintiff has the burden of proof to show from a preponderance of the evidence

that the defendant had a legal duty, that the legal duty was breached by the defendant's failure to conform to the required standard of care, that the defendant's breach proximately caused an injury to the plaintiff, and that damage to the plaintiff resulted. *Phillips ex rel. Phillips v. Hull*, 516 So.2d 488, 491 (Miss. 1987); *see also Little v. Miller*, 909 So.2d. 1256, 1259 (Miss. Ct. App. 2005)(citing *Foster by Foster v. Bass*, 575 So.2d 967, 972 (Miss. 1990)). "Failure to present sufficient proof as to any one of these elements requires that the entire claim be denied." *Little v. Miller*, 909 So.2d at 1259. In the context of an automobile accident, the mere proof of a collision does not establish negligence on the part of the defendant driver. *Hebert v. Lenart*, 153 So.2d 658, 662 (Miss. 1963).

Under Mississippi law, the driver of a vehicle following along behind another, and not attempting to pass, has a duty encompassing four interrelated functions: he must have his vehicle under proper control, keep a proper look-out ahead, and commensurate therewith drive at a speed and sufficient distance behind the preceding vehicle so that should the preceding vehicle stop suddenly, he can nevertheless stop his vehicle without colliding with the forward vehicle. *White v. Miller*, 513 So.2d 600, 601 (Miss.,1987); *Barkley v. Miller Transporters, Inc.,* 450 So.2d 416 (Miss.1984); *Shideler v. Taylor,* 292 So.2d 155 (Miss.1974); *Dean v. Dendy,* 253 So.2d 813 (Miss.1971); *Griffin v. Gladden,* 197 So.2d 891 (Miss.1967); *Jones v. Richards,* 254 Miss. 617, 181 So.2d 923 (1966); *Fowler Butane Gas Co. v. Varner,* 244 Miss. 130, 141 So.2d 226 (1962); *See also* MISS. CODE ANN. § 63-3-619. "Generally, when two cars are traveling in the same direction, the primary duty of avoiding collision rests with the second driver, who, in the absence of an emergency or unusual condition, is negligent as a matter of law if he runs into the car ahead." *Thomas v. McDonald,* 667 So.2d 594, 596 (Miss. 1995). Whether the circumstances rise to the level of an emergency or unusual condition is a matter for the finder of fact. *White v. Miller,* 513 So.2d at 602. Here, the evidence tends to show that Spaulding was operating his vehicle on a wet road. He discerned the approaching

-4-

dogs in time to slow down his vehicle.  He did not have to take extraordinary efforts to avoid the danger.  Under these circumstances the Court further finds that no emergency or unusual circumstance existed which would relieve Defendant's legal duty.  Instead, the driver of Defendant's vehicle breached the duties to maintain his vehicle under proper control under the existing weather conditions and to keep a proper look-out ahead.  It is the finding of the Court that the negligence of the driver of Defendant's vehicle was the proximate cause of the collision.  The Court also finds that Defendant's negligence proximately caused compensable injuries.

## DAMAGES

Under Mississippi law damages for personal injuries are not set by any fixed rule and rest largely within the discretion and judgment of the trier of fact; however, this discretion must be exercised reasonably and intelligently to the end that the plaintiff may recover only reasonable compensation for the loss sustained. *Dogan v. Hardy*, 587 F.Supp. 967 (N.D. Miss. 1984). Furthermore, whatever the measure of damages, recovery may only be had "where and to the extent that evidence removes their quantum from the realm of speculation and conjecture and transports it through the twilight zone and into the daylight of reasonable certainty."  *Wall v. Swilley*, 562 So.2d 1252, 1256 (Miss. 1990).

In fixing damages in a personal injury action such as is before this Court, the trier of fact may take into account the degree of physical injury, mental and physical pain-present and future, temporary and permanent disability, medical expenses, sex, age, and plaintiff's state of health, loss of use of limbs, and disfigurement. *See Woods v. Nichols*, 416 So.2d 659 (Miss. 1982).  An award of damages must, however, be based on competent facts and not on conjecture, supposition, or mere possibilities. *Mississippi Power Company v. Walters*, 204 So.2d 471 (Miss. 1967).  Moreover, each suit for personal injury must be decided upon its particular facts for purposes of assessing damages.

*Jesco, Inc. v. Shannon*, 451 So.2d 694 (Miss. 1984). Finally, the compensatory purpose of the FTCA dictates that a plaintiff receive only actual compensation, and not a windfall at the expense of the United States.

Guided by these principles and based on the evidence adduced at trial, it is the opinion of the Court that Spaulding suffered from asymptomatic degenerative arthritis prior to the collision. His recovery is therefore limited to compensatory damages for exacerbation of a pre-existing condition. The Court concludes that Spaulding is entitled to an award of damages as follows:

(1) Past medical expenses - $2,958.00;

(2) Past, present, and future mental and physical pain and suffering, and the loss of enjoyment of life - $20,000.00.

Thus, Spaulding is entitled to a judgment against the United States in the amount of $22,958.00.[1] The Court will enter a judgment accordingly pursuant to FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 5th day of October, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1]The Court concludes that by comparison to recent similar personal injury cases, a judgment in this amount is fair and reasonable. *See, e.g. Burge v. Spiers*, 856 So.2d 577 (Miss. Ct. App. 2003)(Award of $2,137.00 and denial of additur affirmed for 45 year old male driver who was rear ended and claimed past medical bills of $2,787.00 and future medical bills of $30,000.00 for neck and lower back injuries sustained in collision); *Clark v. Deakle*, 800 So.2d 1227 (Miss. Ct. App. 2001)(Award of $12,000.00 and denial of additur affirmed for wife and mother who was rear ended and claimed medical bills of $11,488.45 and lost wages of $1,320.00 for lower back pain and bulging disk at C5-C6 resulting from accident); *Hubbard v. Canterbury*, 805 So.2d 545 (Miss. Ct. App. 2000)(Award of $2,500.00 and additur of $1,592.53 (for total award of $4,092.53) affirmed for male driver who was rear ended and claimed medical expenses of $4,094.53 for neck and hip pain caused by accident).